```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

Anita Renn,                       )
                                  )
       Plaintiff,           ) Case No. 1:09-CV-319
                                  )
  vs.                             )
                                  )
Commissioner of Social            )
Security,                         )
                                  )
       Defendant.           )

                              O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of February 26, 2010 (Doc. No. 9) and Plaintiff's objections to the Report and Recommendation (Doc. No. 10).  In his Report and Recommendation, Magistrate Judge Black concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled because her mental impairments do not meet or equal the listing for mental retardation and that she is capable of performing her prior relevant work as a hand bander and hand packer was supported by substantial evidence.  Plaintiff objected to both of Judge Black's conclusions. For the reasons that follow, the Court agrees with Judge Black that substantial evidence supported the ALJ's determination that Plaintiff does not meet the listing for mental retardation.  The Court, however, agrees with Plaintiff that substantial evidence does not support the ALJ's determination that Plaintiff can perform her past relevant work because his hypothetical to the vocational expert did not include

all of her relevant limitations.  Therefore, Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**.  The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation to the extent Judge Black found that Plaintiff does not meet the listing for mental retardation.  The Court **SUSTAINS** Plaintiff's objections and does not adopt the Report and Recommendation to the extent that it concludes that substantial evidence shows that Plaintiff can perform her past relevant work.  Accordingly, the decision of the ALJ is **AFFIRMED IN PART AND REVERSED IN PART**.  This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings consistent with this order.

## I. Background

Plaintiff Anita Renn filed an application for disability insurance benefits ("DIB") based on back problems, obesity, depression, and low IQ.  The ALJ determined that Plaintiff is not disabled physically because she has the residual functional capacity to perform work at the light level of exertion.  Tr. 17-18.  Judge Black concluded that this finding was supported by substantial evidence.  Doc. No. 9, at 16-22. Plaintiff did not object to this aspect of the Report and Recommendation, and, consequently, the issue of her physical RFC is not before the Court except to the extent that Plaintiff

argues that she meets Listing 12.05(C) for mental retardation.[1] See Howard v. Secretary of Health & Human Serv., 932 F.2d 505, 508-09 (6th Cir. 1991); Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Additionally, only a brief summary of Plaintiff's mental impairments are required to resolve Plaintiff's objections.

Plaintiff was 42 years old at the time of the hearing. She is a high school graduate who received nearly all A's and B's in her courses, albeit in the special education curriculum. Plaintiff is able to read and write but has difficulty with math. She lives with her parents. Plaintiff does, however, have a driver's license and is able to drive a car and takes her mother grocery shopping. Plaintiff is able to take care of her personal grooming and is capable of some light cooking. She does some housekeeping chores, pays some bills, and balances her checkbook

---

[1] In order to satisfy Listing 12.05(C), the claimant must demonstrate, inter alia, a valid full scale IQ between 60 and 70 and "a physical or other mental impairment imposing additional or significant work-related limitation of function[.]" 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Listing 12.05(C).  An RFC restricting the claimant to light work is a "significant work-related limitation of function" that satisfies Listing 12.05(C).  Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).  As explained further, infra, however, because substantial evidence supports the ALJ's determination that Plaintiff does not have deficits in adaptive functioning, the Court need not consider whether she satisifies the subsection C criteria for mental retardation.

3

with assistance.  She also uses the computer and takes care of her cat.

Plaintiff's past relevant work was as a hand bander wrapping posters in plastic.  Tr. 536.  This was a light, unskilled job although Plaintiff performed it at the sedentary level.  Tr. 529.  It is not clear whether this position has a quota requirement, but the vocational expert testified that a person performing this job would have to meet some minimum level of output or production to maintain employment.  Tr. 536-38.

As part of a disability assessment performed by an agency psychologist, Dr. John Heideman, Plaintiff completed the WAIS-III test and achieved a valid full scale IQ of 66.  Tr. 233. The test showed that Plaintiff reads at the seventh grade level and Dr. Heideman noted that this was higher than he would have expected given her full scale IQ. Tr. 236.  As part of his summary, Dr. Heideman also concluded that Plaintiff can understand, remember, and follow simple instructions and some detailed instructions.  Id.

Two reviewing psychiatrists, Drs. Finnerty and Chamblys, completed psychiatric review technique forms in which they both indicated that Plaintiff is moderately limited in maintaining concentration, persistence, or pace.  Tr. 371, 390, 393.  Dr. David Schwartz, a psychologist, examined Plaintiff and estimated that her IQ is about 70 and that her memory, attention,

and concentration are all mildly to moderately compromised. Tr. 444. The only contrary opinion was provided by Dr. George Lester, who examined Plaintiff at her counsel's request. Based on his examination and testing, Dr. Lester concluded that Plaintiff is mildly mentally retarded and that she has marked limitations in concentration, persistence, and pace. Tr. 470, 475.

Plaintiff's application was denied initially and upon reconsideration. She requested and received an evidentiary hearing before an ALJ. Plaintiff and her father both provided testimony during the hearing. Additionally, the ALJ received testimony from a vocational expert. The ALJ asked the vocational expert whether a person with the following mental RFC could perform Plaintiff's past relevant work as a hand bander:

> The individual is able to perform only simple, routine, repetitive tasks and understand, remember, and carry out only short and simple instructions. No more than occasional interaction with the general public and co-workers and supervisors. No more than ordinary and routine changes in work setting or duties. No more than simple work related decisions and the job should not require more than simple reading, writing, and math.

Tr. 530. The ALJ testified that such a hypothetical person could perform Plaintiff's past work as a hand bander. Id.

The ALJ issued a written decision denying Plaintiff's claim for DIB on October 31, 2008. In proceeding through the five step disability evaluation sequence, the ALJ found that

Plaintiff has not engaged in substantial gainful activity since July 3, 2002 and that she has several severe impairments, including as is relevant here, borderline intellectual functioning.  Tr. 14.  At the third step, the ALJ determined, <u>inter alia</u>, that Plaintiff does not have a mental impairment that meets Listing 12.05 of 20 CFR Pt. 404, Subpt. P, Appx. 1.  Tr. 15-16.  Specifically, the ALJ concluded that Plaintiff did not meet Listing 12.05 because she does not have the required deficits in adaptive functioning.  In reaching this conclusion, the ALJ rejected the opinion of Dr. Lester, who found that Plaintiff is mildly mentally retarded, as being inconsistent with the record as a whole, including opinions by Drs. Modrall and Schwartz, who both found that Plaintiff's mental functioning is in the borderline range.  Tr. 17.

At the fourth step of the analysis, the ALJ established Plaintiff's physical and mental RFC's.  In arriving at Plaintiff's mental RFC, he gave significant weight to the opinions of Dr. Schwartz and the state agency psychologists.  The ALJ again rejected Dr. Lester's opinion as being inconsistent with the record as a whole.  In his specific findings of fact, the ALJ summarized Plaintiff's mental RFC in substantially the same manner as his hypothetical claimant to the vocational expert:

> Mentally, she is able to perform only simple, routine, repetitive tasks.  She is able to understand, remember,

6

>and carry out only short and simple instructions.  She can make only simple work-related decisions.  She cannot interact with the general public, coworkers, or supervisors more than occasionally.  Her job should not require more than ordinary and routine changes in work setting or duties, nor should it require more than simple reading, simple writing and simple math.

Tr. 18.  In the written portion of his decision explaining this aspect of Plaintiff's RFC, the ALJ wrote that "[w]ith regard to the claimant's intellectual ability and emotional symptoms, she demonstrated a mild to moderate impairment in short-term memory, attention, and concentration."  Tr. 23.  Having established this RFC, the ALJ relied on the testimony of the vocational expert to conclude that Plaintiff is capable of performing her past relevant work as a hand bander and hand packer as customarily performed and as she actually performed it.  Based on the determination that Plaintiff is capable of performing her past relevant work, the ALJ determined that she is not disabled under the Social Security regulations, and thus not entitled to DIB, at the fourth step of the analysis. Tr. 24-25.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making that order the final action of the Commissioner.  Tr. 5.  Plaintiff filed a timely petition for review of the ALJ's decision which raised three assignments of error, only two of which, as previously stated, are now before the Court.  First, Plaintiff alleged that the ALJ erred by not finding she meets Listing 12.05 for mental retardation.  Second,

Plaintiff alleged that the ALJ committed a vocational error by not including all of her limitations in his hypothetical to the vocational expert.  Specifically, Plaintiff argued that the ALJ erred by not including any limitations concerning her deficits in attention and concentration.

In his Report and Recommendation, Judge Black concluded that there was sufficient evidence for the ALJ to conclude that Plaintiff does not meet Listing 12.05, noting specifically that the record supported the conclusion that Plaintiff does not have deficits in adaptive functioning as shown by her daily activities, ability to follow simple instructions, her IQ test score, and her completion of high school.  Judge Black also concluded that the ALJ's hypothetical to the vocational expert was sufficient because limiting Plaintiff to simple, routine, repetitive tasks adequately accounted for her deficits in memory, attention, and concentration.  Doc. No. 9, at 16.  Judge Black, therefore, recommended that the ALJ's decision be affirmed and that the case be closed on the docket of the Court.

Plaintiff filed timely objections to Judge Black's Report and Recommendation.  Although the Commissioner argues that Plaintiff waived her objections by simply restating the arguments presented in her principal statement of specific errors, she did not merely incorporate by reference her earlier brief.  Instead, Plaintiff set forth in her objections specific arguments for not

8

adopting the Report and Recommendation. The Court, therefore, finds that Plaintiff's objections are stated with sufficient specificity to preserve them for review. Howard, 932 F.2d at 509.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social

security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

The two issues before the Court are whether substantial evidence supports the ALJ's determination that Plaintiff does not meeting Listing 12.05 for mental retardation and that she has the mental RFC to perform her past relevant work.

### A. Listing 12.05

Resolution of Plaintiff's first objection is straightforward since there is ample evidence that she does not meet Listing 12.05. As indicated, Listing 12.05 sets forth the criteria to establish disability based on mental retardation:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment

10

>> imposing an additional and significant work-related limitation of function;
>
> OR
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P., Appx. 1, Listing 12.05. In order to establish disability under Listing 12.05, the claimant must meet the threshold criteria that she: 1) has significantly subaverage general intellectual functioning; 2) has deficits in adaptive functioning; and 3) such deficits initially manifested themselves during the developmental period, i.e., before age 22. Daniels v. Commissioner of Soc. Sec., 70 Fed. Appx. 868, 872 (6th Cir. 2003). If the claimant proves each of these elements, she must then establish one of the four criteria listed in subsections A, B, C, or D to meet the listing. Id.; Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001).

As both the ALJ and the Magistrate Judge correctly found, there is substantial evidence demonstrating that Plaintiff does not have deficits in adaptive functioning. Adaptive

11

functioning refers to social skills, communication, and daily living skills. Turner v. Commissioner of Soc. Sec., No. 09-5543, 2010 WL 2294531, at *4 (6th Cir. June 7, 2010).  Plaintiff's daily activities, prior work history, and completion of high school show that she does not have deficits in adaptive functioning, as the Sixth Circuit has concluded in numerous other similar cases.  See Hayes v Commissioner of Soc. Sec., 357 Fed. Appx. 672, 677 (6th Cir. 2009)(plaintiff cared for herself and husband, cooked meals, did laundry, shopped, managed finances, and took public transportation); West v. Commissioner of Soc. Sec., 240 Fed. Appx. 692, 698 (6th Cir. 2007)(plaintiff did not have marked limitations in daily living activities, social functioning, and ability to maintain concentration and attention); Daniels, 70 Fed. Appx. at 872-73 (plaintiff graduated from high school, held a cosmetology license, had prior work experience as a hair stylist and bus driver and work experience demonstrated ability to perform relatively complicated tasks); Burrell v. Commissioner of Soc. Sec., No. 99-4070, 2000 WL 1827799, at *2 (6th Cir. Dec. 8, 2000)(plaintiff remained fairly active, took an interest in the household, had satisfactory relationships with family members, drove and lifted small weights); see also Bristol v. Astrue, No. 2:08-CV-13028, 2009 WL 3210928, at *8 (E.D.Mich. Sept. 30, 2009) ("[T]he fact that Plaintiff is able to cook, clean, do the laundry, vacuum, shop

and pay bills also suggests that he did not have deficits in adaptive functioning prior to age 22."); Griffey v. Astrue, No. 1:08-CV-786, 2009 WL 4396520, at *7 (S.D. Ohio Dec. 1, 2009) (Beckwith, S.J.)(plaintiff graduated from high school in special education and held several responsible jobs). Because substantial evidence supports the conclusion that Plaintiff does not have deficits in adapative functioning, the Court need not consider whether she meets the criteria outlined in subsection (C) of Listing 12.05.

Accordingly, Plaintiff's first objection to the Report and Recommendation is not well-taken and is **OVERRULED.**

### 2. Vocational Error

Plaintiff's second objection concerns Judge Black's resolution of her contention that the ALJ's hypothetical to the vocational expert did not accurately reflect all of her limitations. Plaintiff contends that the ALJ should have included in his hypothetical that she has moderate limitations in memory, attention, and concentration since he noted those limitations in his written analysis of her mental RFC.

A vocational expert's testimony does not constitute substantial evidence if the ALJ's hypothetical does not adequately describe the claimant's physical and mental limitations. Lancaster v. Commissioner of Soc. Sec., 228 Fed. Appx. 563, 573 (6th Cir. 2007). In this case, the ALJ found that

13

Plaintiff has moderate deficits in memory, attention, and concentration but did not include those restrictions in his hypothetical to the vocational expert. Magistrate Judge Black found that restricting Plaintiff to simple, routine, and repetitive tasks was an adequate proxy for those limitations.

The Sixth Circuit recently decided this question adversely to the Commissioner. In Ealy v. Commissioner of Soc. Sec., 594 F.3d 504 (6th Cir. 2010), the Court cited favorably two district court decisions which held that a hypothetical limiting the claimant to simple, unskilled, routine jobs did not sufficiently account for moderate deficiencies in concentration, persistence, and pace.[2] Id. at 516-17. In his response to Plaintiff's objections, the Commissioner simply reiterates the proposition that Ealy squarely rejects - that routine, simple jobs adequately account for deficits in memory, attention, concentration, and pace. Because the ALJ's hypothetical failed to include Plaintiff's moderate deficits in memory, attention, and concentration, the vocational expert's testimony does not constitute substantial evidence that Plaintiff can perform her past relevant work. Accordingly, this objection is well-taken and is **SUSTAINED.**

---

[2] Ealy was decided after the parties submitted their briefs on Plaintiff's statement of specific errors but before Judge Black issued his Report and Recommendation. Apparently neither party brought this case to Judge Black's attention.

The appropriate remedy for the ALJ's vocational error is to remand the case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). <u>Ealy</u>, 594 F.3d at 517; <u>Pasco v. Commissioner of Soc. Sec.</u>, 137 Fed. Appx. 828, 845 (6th Cir. 2005). The evidence of Plaintiff's disability is far from clear. Moreover, the ALJ may conclude at the fifth step that there are a sufficient number of jobs available in the national economy that Plaintiff can perform with a revised RFC.

<u>Conclusion</u>

For the reasons stated, Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**. The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation to the extent Judge Black found that Plaintiff does not meet Listing 12.05 for mental retardation. The Court, however, **SUSTAINS** Plaintiff's objections and does not adopt the Report and Recommendation to the extent that it concludes that substantial evidence shows that Plaintiff can perform her past relevant work. Accordingly, the decision of the ALJ is **AFFIRMED IN PART AND REVERSED IN PART**. This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date August 24, 2010                    s/Sandra S. Beckwith
                                        Sandra S. Beckwith
                                        Senior United States District Judge